Mong, Appellant, *v.* Hershberger.

Argued November 14, 1962. Before Rhodes, P. J., Ervin, Wright, Watkins, Montgomery, and Flood, JJ. (Woodside, J., absent).

J. D. Loesch, with him Edward J. Steiner, and Lund and Loesch, for appellant.

Richard S. Graff, with him R. E. Ashe, and Ashe & Ashe, for appellee.

OPINION BY MONTGOMERY, J., December 12, 1962:

In Daugherty v. Hershberger, 386 Pa. 367, 126 A. 2d 730, the plaintiff, who had been injured in an automobile accident, secured verdicts totaling $11,720.99 against Hershberger and Mong, the two parties to the present appeal. However, Mong had previously entered into a settlement of the claims and paid the plaintiffs $13,000 for his release of liability therefrom; and such releases were executed. A comparison of the several items making up the total of the releases and the total verdicts are set forth in the report of said case at pages 370-371. The releases of Mong provided that he was released from all liability and that the claims against all other tortfeasors were reduced to the extent of Mong's pro rata share, which constituted a fifty per cent reduction since there were but two parties responsible for the accident.

In entering judgment on the verdicts, the plaintiffs sought to have the court charge Hershberger with one half of the verdict, or $5,860.50, as prescribed by the releases, irrespective of the amounts paid by Mong in settlement. However, the Supreme Court held that Hershberger was entitled to credit on his pro rata share of the verdicts for everything Mong had paid in excess of his share of same. This reduced the total of Hershberger's obligations to $1,839.26, for which amount

judgments were directed by the Supreme Court on the several verdicts, thus giving credit to Hershberger for $4,021.23 on his pro rata share of same.

We now have before us an appeal by Mong from the entry of judgment on the pleadings in favor of Hershberger in an action of assumpsit by Mong against Hershberger for $4,021.23 claimed by Mong by way of contribution. This represents the difference between fifty per cent of the verdicts, or $5,860.50, and the amount of the judgments directed in the case of *Daugherty v. Hershberger* aforesaid, or $1,839.26 (one cent lost through dropping of fraction in calculations). However, it represents only part of the total amount Mong paid above his fifty per cent of the verdicts. The total excess was $7,139.50, the claimants benefiting from the additional payments of $3,618.26, making their total recovery $14,839.25 instead of $11,720.99, the amount of the verdicts. In three instances the amount of the settlement was two or more times the verdicts.

Section 2 of the Uniform Contribution Among Tortfeasors Act, Act of July 19, 1951, P. L. 1130, 12 P.S. 2083, declares that "contribution exists among joint tortfeasors" but provides that "A joint tortfeasor is not entitled to a money judgment for contribution until he has by payment discharged the common liability *or has paid more than his pro rata share thereof;*". (Emphasis supplied) Appellant has fully met the second condition, since he has paid more than his pro rata share of some of the verdicts. However, a further provision of section 2 provides that "A joint tortfeasor who enters into a settlement with the injured person is not entitled to recover contribution from another joint tortfeasor whose liability to the injured person is not extinguished by the settlement." Thus it seems clear that one joint tortfeasor who has made a settlement and secured a complete release of all participants may secure contribution from the others.

The present settlement and releases did not assume to completely extinguish the claims against all the involved tortfeasors. It provided that the "damages recoverable against all other tortfeasors were reduced to the extent of Mong's pro rata share." However, the Supreme Court interpreted this provision as reducing the claims by the amount of $4,021.23, more than the settler's pro rata share. Although this interpretation did not have the effect of completely extinguishing all claims against the other tortfeasor, since he was compelled to pay $1,839.26, it did accomplish a partial extinguishment of some and a complete extinguishment of others.[1] Reference was made to section 4 of the act as establishing such procedure.[2] Mr. Chief Justice STERN, writing the opinion, adopted the language used in *Raughley v. Delaware Coach Co.*, 47 Del. 343, 91 A. 2d 245, in a similar case under section 4 of the Uniform Act in justification of the Court's decision, "In this manner, it bars the plaintiff from obtaining a double recovery."

As it would be inequitable for a plaintiff to recover twice, it is just as inequitable among joint tortfeasors to have one benefit at the expense of another. The doctrine of contribution rests upon equitable principles. The Act of 1951 was designed to "effectuate a just result for all parties involved . . . ." *Swartz v. Sunderland*, 403 Pa. 222, 169 A. 2d 289.

---

[1] Hershberger was not required to pay anything on the claims of Wilbert Daugherty, Guardian for Leora Daugherty, Gertrude Williams, and Elaine Catherine Daugherty, Administratrix of the Estate of Carl D. Williams.

[2] Section 4, 12 P.S. 2085(pp) : "A release by the injured person of one joint tortfeasor, . . ., does not discharge the other tortfeasors unless the release so provides, but reduces the claim against the other tortfeasors in the amount of the consideration paid for the release or in any amount or proportion by which the release provides that the total claim shall be reduced if greater than the consideration paid."

With equity the keynote of the doctrine of contribution, the Act of 1951 must be examined with equity in mind, for it is clearly inequitable to exonerate Hershberger from $4,021.23 of an established $5,860.50 obligation at the expense of Mong, who can be charged with nothing more than an overestimation of the value of claims. The Statutory Construction Act, Act of May 28, 1937, P. L. 1019, art. IV, §51 et seq., 46 P.S. 551 et seq., dictates that we consider the purpose of a statute in determining its true meaning, and that we do not reach an absurd, or unreasonable result in doing so.

Examining the Act of 1951 with these principles in mind, we are led to the conclusion that to deprive appellant of his right to contribution from appellee would be unreasonable and absurd, as well as contrary to the intent of the Legislature.

Section 2 and section 4 recognize the right to contribution when one pays more than his share; and although the third provision of section 2, when given a strict interpretation might lead to the conclusion that in cases of settlement, unless there is a complete extinguishment of the claims against the other tortfeasor, the right of contribution does not exist. We do not believe the Legislature intended such a strict meaning. The verb extinguish does not necessarily mean an abrupt or complete elimination of fire, or in law, of rights or claims. It may also mean a gradual or limited result. It has various meanings: "to cause to die out"; "to quench, to wet, moisten"; "to nullify"; "to avoid, as by payment, setoff, . . . merger of an interest in a greater one"; "suppress". Webster's New International Dictionary (Unabridged).

Therefore, we have no difficulty in concluding that the releases secured by Mong satisfied the third provision of section 2 as to all the claims, regardless of whether they were completely or only partially extin-

guished; and that Mong has the right of contribution from Hershberger.

Judgment reversed, and inasmuch as there are no facts in dispute, entered for appellant, John Mong, against appellee Earl J. Hershberger, in the amount of $4,021.23, with interest and costs.