ACKER, J.,
— This matter returns to this court now upon defendant’s motions for judgment on the pleadings with respect to plaintiff’s claims for contribution pursuant to a settlement negotiated by plaintiff with William L. Adler. The matter previously came before this court upon defendant’s preliminary objections in the nature of *322 a demurrer. These objections were dismissed by a previous order, which held that the Pennsylvania law rather than Ohio law was applicable.
A short review of the facts alleged is required. On October 21, 1969, plaintiff, William D. Fay, a resident of Youngstown, Ohio, was operating a 1956 Chevrolet two-door sedan east on the Youngstown-Poland Road in Ohio. At the same time, defendant, Eugene P. McFadden, who is a resident of the City of Sharon, Mercer County, Pa., was traveling in the opposite direction and crossed the center line, where a collision occurred. Gary Lindsey and William Adler, both of the City of Sharon, were passengers in the McFadden car and both claim personal injuries from the negligent conduct of their driver, McFadden. Plaintiff, Fay, had liability insurance with the Ohio Casualty Insurance Company and defendant, McFadden, with the Continental Insurance Company. On or about December 22, 1969, plaintiff’s insurance carrier, Ohio Casualty Insurance Company, settled a claim on behalf of Gary Lindsey, the passenger in defendant’s motor vehicle, for $800, which it asserts is fair and reasonable in amount. This claim is not involved in the present motion. On December 31, 1969, the Ohio Casualty Insurance Company settled a claim of William Adler for $431.60. That release signed by Adler released and discharged William D. Fay and Eugene McFadden, their heirs, executors, administrators and any other person, association or corporation from all known, suspected or unsuspected, past, present and future claims, demands, damages, actions, third-party actions, causes of action or suits of law or in equity, including claims for contribution and / or indemnity of whatever nature for or because of any matter or thing done, suffered to be done or admitted on account of or arising from *323 damages to property, bodily injury or death resulting or from this accident. However, the release goes on to state, “Further medical treatment required, being caused directly from said accident, shall remain open for a period of two years from date of accident, not to exceed for any one person five hundred dollars.” Defendant, through new matter in his answer and again by his motion for judgment on the pleadings, raises the issue that because defendant is exposed to litigation and liability for a period of two years from October 21, 1969, for an amount not to exceed $500, the liability to the injured person is not extinguished by the settlement. Therefore, the issue is framed:
Whether a joint tortfeasor who obtains from an injured party a release with an open end clause for future medical treatment required directly from an accident for a period of two years from the accident and not to exceed $500 is precluded from enforcing contribution against another tortfeasor?
It is the position of defendant that before contribution can be requested there must be a complete and absolute extinguishment of all claims.[1] The Joint Tortfeasors Act provides:
“A joint tortfeasor who enters into a settlement with the injured person is not entitled to recover contribution from another joint tortfeasor whose liability to the injured person is not extinguished by the settlement.”[2]
Does this mean that there can be no sustainable action unless the liability to the injured person is *324 completely extinguished? If so, defendant’s position must be well taken. The determination of this question, however, turns, at least in some degree, to the nature of the rights created by the statute. Equity is the keynote of the doctrine of contribution under the act.[3]
Discussing the third provision of section 2 of the act, it has been held, “Section 2 and Section 4 recognize the right to contribution when one pays more than his share; and although the third provision of Section 2, when given a strict interpretation might lead to a conclusion that in cases of settlement, unless there is a complete extinguishment of the claims against the other tortfeasor, the right of contribution does not exist. We do not believe the legislature intended such a strict meaning. The verb extinguish does not necessarily mean an abrupt or complete elimination of fire, or in law, of rights or claims. It may also mean a gradual or limited result. It has various meanings . . Mong v. Hershberger, supra, at page 72.
An analogous problem arises where the amount of contribution required by one of the joint tortfeasors is limited to that provided under the workmen’s compensation laws. This does not prevent the application of the act, even though the exact amount of payment under the act might not be determined with finality until the termination of the fife of the employe: Pennsylvania Power Company v. Conn Welding & Machine Co. (No. 1), 35 D. & C. 2d 261, 268, (1963).[4]
*325 Starting with the premise that the action is equitable in nature and considering the limited exposure remaining under the release, we believe that in the interest of fairness and justice the proceedings should be permitted to continue and plaintiff to be permitted to attempt to prove the necessary elements to establish the rights of contribution. If these elements are, in fact, established and the verdict obtained for contribution upon the moneys which have already been paid, subsequent determination of the sole remaining issue in the event additional moneys are required to be paid pursuant to the release is readily resolved.[5]
Wherefore, defendant’s motion for judgment on the pleadings is denied.
ORDER
And now, March 31, 1971, defendant’s motion for judgment on the pleadings is denied.

 Defendant cites Swartz v. Sunderland, 403 Pa. 222, 169 A.2d 289 (1961), and Harger v. Caputo, 420 Pa. 528 (1966), in support of this position. A careful reading of both cases fails to indicate a discussion of this question.

 Act of July 19, 1951, P. L. 1130, sec. 2, 12 PS 2083.

 Mong v. Hershberger, 200 Pa. Superior Ct. 68, 186 A.2d 427 (1963).

 Although not raised as a contention, the obligation of one of the codefendants was limited to that required under the workmen’s compensation statutes in John W. Brown, Jr. Equipment *325 Rental Corp., v. Dickey, 397 Pa. 454, 155 A.2d 836 (1959). Nevertheless, the judgment was discharged upon payment of the balance of a compensation award.

 This court can visualize situations where but a small portion of the total potential claim has, in fact, been released and it would be equally unequitable to permit such a proceeding to go forward until a complete release has been obtained. Under the limited facts of this case, however, we are convinced that equity calls for a determination of the right of contribution at this time.