478 A.2d 1359

**George CHARLES, Appellant,**

v.

**GIANT EAGLE MARKETS**

v.

**STANLEY MAGIC DOOR, INC. and Jed Doors.**

Superior Court of Pennsylvania.

Argued Sept. 28, 1983.

Filed July 20, 1984.

Petition for Allowance of Appeal Granted Jan. 30, 1985.

Neil J. Rovner, Harrisburg, for appellant.

John D. Newborg, Pittsburgh, for Giant Eagle, appellee.

Alan Shapiro, Pittsburgh, for Stanley Magic, appellees.

Before BROSKY, McEWEN and BECK, JJ.

BROSKY, Judge:

This is an appeal from the order of the court below directing that judgment on the cases be marked as satisfied. Appellant contends the lower court erred in so ordering because where a plaintiff enters into a release with one joint tort-feasor, the amount of which exceeds that tort-feasor's later determined proportionate share of liability, the Comparative Negligence Act, 42 Pa.C.S.A. § 7102, precludes the non-settling tort-feasor from tendering the plaintiff only the difference between the verdict and the settlement amount where the difference is less than the non-settling tort-feasor's proportionate share of liability. We disagree with appellant and affirm the order of the trial court.[1]

This case arose when appellant, George Charles, the plaintiff below, brought an action in trespass against Giant Eagle Markets, Inc. for damages as a result of injuries sustained when he slipped and fell by an entrance to one of its retail stores. Giant Eagle joined Stanley Magic Door, Inc. and Jed Door [2] as additional defendants.

Before the case was tried, Giant Eagle settled with appellant for $22,500 in exchange for a joint tort-feasor's release.[3] After trial, the jury returned a verdict against Giant Eagle and Stanley in the amount of $31,000 dollars. Furthermore, the jury found Giant Eagle to have been 60%

1. In reaching our decision in this case, we have relied heavily upon the comprehensive and well-reasoned opinion of the trial court.

2. The parties are in agreement that Jed Door and Stanley Magic Door, Inc. are a single entity.

3. The release read as follows:
   It is Further Understood and Agreed that I ... am not releasing any claims and demands that I have against any person, association or corporation other than GIANT EAGLE MARKETS, INC., his agents and employees on account of the ... injuries and damages sustained by me ..., but for the consideration paid me herein, I further agree that any recovery that I may obtain against any person, association, or corporation other than GIANT EAGLE MARKETS, INC. on account of said ... injuries and damages shall be reduced to the extent of the pro rata share of such damages as may be attributable to GIANT EAGLE MARKETS, INC.... of my damages recoverable against all the tortfeasors.

negligent and Stanley to have been 40% negligent. This verdict, had there been no release, would have necessitated a payment of $18,600 by Giant Eagle and $12,400 by Stanley.

Stanley entered judgment on the verdict and claimed that since Charles had already received $22,500 from Giant Eagle that Charles was only entitled to receive the difference between that amount and the $31,000 verdict ($8,500) notwithstanding Stanley's liability of $12,400. Stanley paid $8,500 to Charles, but Charles reserved his claim to the remainder of Stanley's liability of $3,900.

Stanley filed a petition to have the judgment marked satisfied contending that the $31,000 verdict and judgment had been paid in full after Charles' receipt of $22,500 from Giant Eagle and $8,500 from Stanley. The lower court agreed with Stanley and ordered the judgment marked satisfied. This appeal followed.

Appellee Stanley argues that its position is mandated by the Pennsylvania Uniform Contribution Among Tortfeasors Act, Act of July 9, 1976, P.L. 586, No. 142, § 2 eff. June 27, 1978, 42 Pa.C.S.A. § 8321 et seq. Specifically, it cites § 8326,[4] which provides as follows:

A release by the injured person of one joint tort-feasor, whether before or after judgment, does not discharge the other tort-feasors unless the release so provides, but reduces the claim against the other tort-feasors in the amount of consideration paid for the release or in any amount or proportion by which the release provides that the total claim shall be reduced if greater than the consideration paid.

Stanley also relies upon the opinion of the Pennsylvania Supreme Court in the case of *Daugherty v. Hershberger*, 386 Pa. 367, 126 A.2d 730 (1956) in which the Supreme Court interpreted § 4 of UCATA. In that case, the plaintiffs instituted actions against defendant Hershberger and a co-defendant Mong. Before trial, the plaintiffs entered into

---

**4.** § 8326 is a reenactment of Section § 4 of the Uniform Contribution Among Tortfeasors Act of 1951 (hereinafter UCATA).

a settlement agreement and signed releases with Mong for the sum of $13,000. The releases provided that the claims against all the other tort-feasors were reduced to the extent of Mong's pro rata share of liability. Since there were only two parties responsible for the accident, Mong and Hershberger, this reduction was 50%. Hershberger joined Mong as an additional defendant and the trial resulted in a verdict of $11,720 against Hershberger and Mong. The plaintiffs sought to recover one-half the verdict or $5,860.50 from Hershberger. However, Hershberger argued that he should be liable to the plaintiffs only for the difference between the amounts paid in settlement and the verdict entered for each of the plaintiffs. Where the amounts of the settlements exceeded the verdict amounts, he argued that the verdicts should be discharged. The Supreme Court agreed with Hershberger stating that

> ... if the proportion of reduction provided by the release is greater than the amount of the consideration paid for the release, such proportion of reduction prevails, but if, on the other hand, the consideration paid for the release is greater than the proportion of reduction provided by the release, then the amount of the consideration paid for the release prevails.

*Daugherty*, 386 Pa. at 373, 126 A.2d at 733.

The court further noted that this holding would continue the common law rule of allowing but one satisfaction for an injury, while enabling the injured party to settle with one tort-feasor and still have recourse to additional tort-feasors for additional compensation. Thus, Stanley argues that the Pennsylvania Uniform Act requires that Charles' claim be reduced by the amount of the consideration paid for the release which was executed by Charles because the proportion by which the total claim is to be reduced as provided for in the release and determined by the jury is less than the consideration paid for the release ($18,600 v. $22,500).

Appellant contends, however, that the Comparative Negligence Act has impliedly amended the Pennsylvania Uniform Act such that he is entitled to 40% of the verdict irrespec-

tive of the settlement made with Giant Eagle. He bases this contention on 42 Pa.C.S.A. § 7102(b) which provides that:

> Recovery against joint defendant; contribution.— Where recovery is allowed against more than one defendant, each defendant shall be liable for that proportion of the total dollar amount awarded as damages in the ratio of the amount of his causal negligence to the amount of causal negligence attributed to all defendants against whom recovery is allowed. The plaintiff may recover the full amount of the allowed recovery from any defendant against whom the plaintiff is not barred from recovery. Any defendant who is so compelled to pay more than his percentage share may seek contribution.

The issue of whether this section means that a non-settling tort-feasor must pay to a plaintiff the full percentage share of its liability notwithstanding an earlier settlement between the plaintiff and joint tort-feasor is apparently one of first impression in this jurisdiction. Appellant argues that if such is not the meaning of this section, a non-settling tort-feasor enjoys an unjust windfall benefit of the excess amount paid by the settling tort-feasor. He draws this conclusion from 42 Pa.C.S.A. § 8324(c)[5] which provides:

> Effect of settlement.—A joint tort-feasor who enters into a settlement with the injured person is not entitled to recover contribution from another joint tort-feasor whose liability to the injured person is not extinguished by the settlement.

Thus, he concludes that if § 7102(b) is not interpreted in the manner he desires, joint tort-feasors would be discouraged from settling cases knowing that they would be risking everything while another, and possibly more culpable, tort-feasor might avoid payment. He notes that his interpretation might lead to a windfall benefit for a plaintiff but argues that while a plaintiff ideally should not receive more than one satisfaction for a wrong, if additional enrichment must necessarily flow to someone, the more just result is to

5. § 8324 is a reenactment of Section 2 of UCATA.

have the person wronged receive the benefit, not the wrong-doer.

However, appellant's assertions to the contrary notwith-standing, we do not believe that we are presented with a situation in which additional enrichment must necessarily flow to one or the other of the parties. We agree with the lower court and appellees that appellant has proceeded on the erroneous assumption that a windfall would necessarily flow to Stanley in the present case under the *Daugherty* rule. Appellant has apparently overlooked the companion case to *Daugherty* of *Mong v. Hershberger*, 200 Pa.Super. 68, 186 A.2d 427 (1962), allocatur denied (1963), which construed § 2 of UCATA to permit a right of contribution on the part of a settling tort-feasor, when by the settle-ment, the settling tort-feasor pays more than his share of the total liability ultimately found. In that situation the rule would thus allow the settling tort-feasor to seek contri-bution from a non-settling tort-feasor to the extent that the amount paid by the settling tort-feasor exceeds his percent-age of negligence, but in no event more than the percentage of negligence attributable to the non-settling tort-feasor.[6]

Instantly, if the *Daugherty* rule is applied and Charles is permitted to recover only $8,500 from Stanley, Giant Eagle then, under *Mong*, could recover $3,900 in contribution from Stanley. Therefore, the non-settling tort-feasor (Stanley) would not obtain an undeserved benefit and the plaintiff below (appellant) would not obtain a windfall.[7]

**6.** This is a statement of the rule in *Mong* as it would be appropriately modified to reflect a change from pro rata liability to proportionate liability.

**7.** We acknowledge appellant's argument that other jurisdictions with similar statutes have considered this question and have reached the result urged by appellant. See, *Rogers v. Spady*, 147 N.J.Super. 274, 371 A.2d 285 (1977) (dicta); *Bartels v. City of Williston*, N.D. 276 N.W.2d 113 (1979); *Pierringer v. Hoger*, 21 Wis.2d 182, 124 N.W.2d 106 (1972). We are not persuaded by these cases, however, because they do not contemplate or discuss the type of legal precedent present in Pennsylvania due to the *Daugherty* and *Mong* decisions. Instead, these cases are based—as appellant would have us base the instant case—on the rationale that if either the plaintiff or the non-settling tort-feasor must be given an undeserved benefit, the preferable party

We conclude that this result is clearly more logical and just than that urged upon us by appellant and therefore conclude that the trial court correctly determined that the only change made by § 7102(b), in the context with which we concerned, was to change pro rata liability to proportionate liability.

Accordingly, we will affirm the order of the trial court.

Order affirmed.

to receive that benefit is the plaintiff. As explained above, because of the *Daugherty* and *Mong* opinions, we are not faced with this choice. Therefore, we decline to follow the decisions of other jurisdictions which have had to so choose.