## Vennebush v. Pittsburgh & Lake Erie Railroad Co.

*Thomas L. Cooper,* for plaintiff.

*G. Edward Yurcon,* for defendant Pittsburgh & Lake Erie Railroad Company.

*Robert S. Garrett,* for defendant Ehrlich.

FINKELHOR, *J.*, February 7, 1985—The above captioned matter is before the court on cross petitions of plaintiff to have the judgment marked satisfied based upon the verdict, and of the defendant J. C. Ehrlich Company (Ehrlich) for entry of judgment on the verdict and on the joint tortfeasor's release.

The issue is whether and to what extent the "release" entered into between plaintiff and defendant Ehrlich reduced the amount of the verdict to be paid by the nonsettling tortfeasor, Pittsburgh & Lake Erie Railroad Company (P&LE). Specifically, under the facts of this case, the court is required to determine the effect of the Pennsylvania Comparative Negligence Act, 42 Pa.C.S. §7102, on the prior existing Uniform Contribution Among Joint Tortfeasors statute. 42 Pa.C.S. §8321.

## BACKGROUND OF CASE

This action was filed against defendants Pittsburgh & Lake Erie Railroad and J. C. Ehrlich Company as the result of injuries sustained by plaintiff on April 5, 1979. Plaintiff, an employee of P&LE Railroad was exposed to a chemical weed killer used by Ehrlich at the P&LE yard where plaintiff was employed.

Prior to trial, plaintiff executed a joint tortfeasor's release with Ehrlich for the sum of $4,800. The case was then tried before a jury and, on April 6, 1983, the jury entered a verdict against both defendants in the amount of $15,000. In response to special interrogatories, the jury found 75 percent causal negligence attributable to Ehrlich, 20 percent to P&LE and five percent to plaintiff. The jury also found that P&LE had "liability over" against Ehrlich. Pursuant to the percentage of negligence at-

tributable to plaintiff, the court molded the verdict to $14,250. Based on the percentages of negligence attributed to each party, Ehrlich's share of the verdict, absent the release, would have been $11,250. P&LE's share of the verdict is $3,000.

Judgment on the verdict in the amount of $14,250 was recorded by the prothonotary against J. C. Ehrlich Company. All parties agree that this judgment was recorded prematurely. By consent order dated December 12, 1983, the prothontary was directed to expunge the judgment entered against Ehrlich and the matter was placed before the court for determination of the proportionate share of liability of each defendant. .

## POSITION OF THE PARTIES

Plaintiff contends that he is entitled to recover the full amount of the verdict, notwithstanding the settlement entered into between himself and one of defendants. Under this theory, plaintiff would receive the amount of the settlement ($4,800) from Ehrlich and the balance of the verdict ($9,450) from P&LE.

Alternatively, plaintiff argues that he is entitled to receive 50 percent of the total verdict ($7,125) from P&LE as its proportionate share of liability under the rule of Daugherty v. Hershberger, 386 Pa. 367, 126 A.2d 730 (1956), in addition to the $4,800 settlement with Ehrlich.

Defendants argue that the Comparative Negligence Act necessarily modified the Joint Tortfeasors statute to equate the defendants' pro rata share of liability from a fixed percentage to the percentage of causal negligence attributed to defendants by the jury. Under defendant Ehrlich's theory, the $4,800 settlement would discharge all of the 75 percent causal negligence attributable to it. P&LE would

therefore be required to pay only $3,000 to discharge the remaining 20 percent of liability. However, plaintiff would recover $7,800 instead of the $14,250 verdict molded by the court.

## DISCUSSION

Resolution of this dispute requires an analysis of both the Uniform Contribution Among Joint Tortfeasors Act, 42 Pa.C.S. §8321 et seq., and the Comparative Negligence Act. 42 Pa.C.S. §7102. Additionally, it is necessary to consider the language of the release given by plaintiff to Ehrlich as part of the settlement.

The Joint Tortfeasors Act, §8326,* provides as follows:

"A release by the injured person of one joint tort-feasor, whether before or after judgment, does not discharge the other tort-feasors unless the release so provides, but *reduces the claim against the other tort-feasors in the amount of the consideration paid for the release* or in any amount or proportion by which the release provides that the total claim shall be reduced if greater than the consideration paid." (Emphasis added.)

Under this section, the nonsettling defendants are relieved from liability to plaintiff to the extent of the cash value of the settlement, or the settling defendant's pro rata share of liability provided by the release, whichever is greater. Daugherty v. Hershberger, supra.

This holding was reiterated in the recent case of Charles v. Giant Eagle Markets, 330 Pa. Super. 76, 478 A.2d 1359 (1984).

---

*Hereinafter, all statutory references are to Title 42 of the Pennsylvania Consolidated Statutes.

The Superior Court found that Daugherty, supra, was modified by Mong v. Hershberger, 200 Pa. Super. 68, 186 A.2d 427 (1962) to permit a right of contribution on the part of a settling tortfeasor.

The settling defendant is not relieved of liability for contribution to the other defendants unless the release complies with §8327 of the Joint Tortfeasors Act.

Section 8327 provides as follows:

"A release by the injured person of one joint tort-feasor does not relieve him from liability to make contribution to another tort-feasor, unless the release is given before the right of the other tort-feasor to secure a money judgment for contribution has accrued and provides for a reduction to the extent of the pro rata share of the released tort-feasor of the injured person's damages recoverable against all the other tort-feasors."

Unless the release provides for reduction to the extent of the pro rata share of liability of the settling defendant, the settling defendant remains liable for contribution to the nonsettling defendants who are required to pay more than their pro rata share of the verdict. Moreover, the nonsettling defendant would have the right to require the settling defendant to remain in the case for purposes of determining liability. Davis v. Miller, 385 Pa. 348, 123 A.2d 422 (1956).

Prior to the adoption of the Comparative Negligence Act, the settling defendant's pro rata share of liability, if not otherwise fixed by the language of the release itself, was deemed to be an equal share of the total verdict against all defendants. Thus, where one of two joint tortfeasors enters into a pro rata settlement and release, the nonsettling defendant would be entitled to credit for one-half of the total verdict. Hochrein v. U.S., 238 F.Supp. 317

(E.D., Pa. 1965); Davis v. Miller, supra; see also, J. F. Griffith, et al., "Contribution, Indemnity, Settlements and Releases: What the Pennsylvania Comparative Negligence Statute Did Not Say", 24 Villanova L.Rev. 494 (1978).

In 1976, the legislature adopted the Comparative Negligence Act, the purpose of which was to mitigate the rule that any amount of contributory negligence on the part of the plaintiff acted as a complete bar to recovery. See, e.g., Kasanovich v. George, 348 Pa. 199, 34 A.2d 523 (1943).

The 1976 Act provides as follows:

"(a) — In all actions brought to recover damages for negligence resulting in death or injury to person or property, the fact that the plaintiff may have been guilty of contributory negligence shall not bar a recovery by the plaintiff or his legal representative where such negligence was not greater than the causal negligence of the defendant or defendants against whom recovery is sought, but *any damages sustained by the plaintiff shall be diminished in proportion to the amount of negligence attributed to the plaintiff.*

"(b) — Where recovery is allowed against more than one defendant, *each defendant shall be liable for that proportion of the total dollar amount awarded as damages in the ratio of the amount of his causal negligence to the amount of causal negligence attributed to all defendants against whom recovery is allowed.* The plaintiff may recover the full amount of the allowed recovery from any defendant against whom the plaintiff is not barred from recovery. Any defendant who is so compelled to pay more than his percentage share may seek contribution." (Emphasis added.)

The Comparative Negligence Act permits plaintiff to recover the full amount of the verdict from

any defendant against whom recovery is allowed, thus placing the risk of insolvency on the other defendants. See, J. L. Griffith, supra. Accordingly, the apportionment of liability among the defendants serves principally to establish the right of contribution, which arises when one defendant is required to pay more than his proportionate share of liability.

The apportionment of liability, which fixes the right of contribution among the defendants, also affects the settling defendant's liability to make contribution under §8327 of the Joint Tortfeasors Act provided that the release complies with the terms of that section. This view is supported by the recent case of Charles v. Giant Eagle Markets, supra, in which the rule of Mong v. Hershberger, supra, was restated to reflect a change from pro rata liability to proportionate liability:

"In that situation [in which the settling tortfeasor paid more than his share of the verdict] the rule would thus allow the settling tort-feasor to seek contribution from a non-settling tort-feasor to the extent that the amount paid by the settling tort-feasor exceeds his percentage of negligence, but in no event more than the percentage of negligence attributable to the non-settling tort-feasor." (Brackets added.) 478 A.2d at 1362.

In the instant case, the release provided as follows:

"In the event that other tortfeasors are responsible to me for damages as a result of this accident, the execution of this release shall operate as a satisfaction of my claim against such other parties to the extent of the relative pro rata share of common of [sic] liability of the payer herein released. This release provides for a reduction to the extent of the pro rata share of the released payer of the injured person's damages recoverable against all other

tortfeasers in accordance with the Act of July 9, 1976, P.L., 586, Section 2."

Thus, Ehrlich is relieved from liability for contribution by discharging that portion of the verdict attributable to it. Since the portion of the verdict attributable to Ehrlich depends on the amount of causal negligence fixed by the jury, it is this percentage which must now constitute its "pro rata share." See J. Stopford, "Joint Tortfeasor Releases from a Plaintiff's Point of View," 14 The Barrister, 6, 11 n. 10 (1983). Any other conclusion would lead to the absurd result of fixing the settling defendant's right of contribution and its liability for contribution at two different levels, and to ignore the jury's apportionment of fault.

For the reasons set forth herein, it is the conclusion of the court that, by the terms of the release, plaintiff's recovery against P&LE Railroad is limited to 20 percent of the $15,000 verdict ($3,000) and that recovery against Ehrlich is limited to the $4,800 consideration paid for the release.

Since P&LE's liability is limited to $3,000, it follows that its "liability over" against Ehrlich is similarly limited.

An appropriate order is attached hereto.

## ORDER OF COURT

And now, this February 7, 1985, upon the cross petitions of plaintiff George Vennebush and defendant J. C. Ehrlich Company for entry of judgment in the above captioned matter and based upon the terms of the release signed by plaintiff, judgment shall be entered in favor of plaintiff in the amount of $4,800 against J. C. Ehrlich Company and $3,000 against the Pittsburgh & Lake Erie Railroad Company.