STATE, JANE W. BERRYMAN, PROSECUTOR, v. JULIA W. LITTLE.

1. In proceedings to drain lands under the statute, where a married woman's land has been sold under foreclosure, and conveyed without change of possession, notice to the owner, and to the husband who occupies the land with his wife under arrangement for reconveyance, is sufficient.

2. The prosecutor, having no legal title or exclusive possession of the land, is not entitled to a writ to question the legality of the proceedings to drain lands.

3. Delay and acquiescence, inducing expenditure of moneys by others, in works of a *quasi* public nature, waive irregularities.

---

On *certiorari.* In matter of drainage of lands in the county of Bergen.

Argued at June Term, 1886, before Justices SCUDDER and MAGIE.

For the prosecutor, *Chas. H. Voorhis.*

For the defendant, *W. M. Johnson.*

The opinion of the court was delivered by

SCUDDER, J.    Proceedings were taken by the defendant, Julia W. Little, under the "Act to enable the owners of swamp or meadow ground to drain the same," &c., (*Rev.*, *p.* 652), to cut, make, clear out and keep open sufficient ditches or drains in and through lands adjoining or near to her lands in Midland township, Bergen county.    The certificate and return made by the surveyors of highways and chosen freeholders show that a portion of the ditch or drain in controversy was allotted to the Mutual Life Insurance Company of New York, being the part of ditch or drain which is embraced within the limits of the property of the company.    These lands formerly belonged to the prosecutor, Jane W. Berryman, and were occupied by her and her husband, William H. Berryman.    Prior to these proceedings for drainage, the Mutual Life Insurance Company of New York, holding a mortgage on said lands, foreclosed the same, and at the sale under execution became the purchasers and owners.    There was no change of possession after this sale, and the prosecutor claims that she remained on the property under some verbal arrangement for a repurchase and reconveyance of the property.    Her first reason assigned for setting aside the return and proceedings is that she was not given notice as required by law.    It appears in the return and proofs that legal notice was served on the Mutual Life Insurance Company of New York, and William H. Berryman, who is described as being in possession of the lands of said company.    The evidence taken under this writ also shows that the husband appeared in answer to such notice and contested the proceedings before the surveyors and freeholders, and that the prosecutor had knowledge of his acts in the attempt to prevent the charge upon the lands.    She was not injured in fact by want of notice, nor has she been injured in law, for notice

to the husband who was actually in possession of the property, without anything appearing of record, or by other notification that she had any separate or exclusive interest in the land, was sufficient for the purpose of this statute and between these parties.

The other reasons relate merely to the form of the return, and will not be considered, because the prosecutor has not shown that she is entitled to this writ. Her alleged verbal agreement with the company was, as her husband testifies, made with an agent of the company, whose authority to make such arrangement, if it were otherwise available in these proceedings at law, does not appear. As she has shown no ownership in the lands through which the ditch or drain runs, or possession separate from her husband therein, she has no right to this writ to contest the return in dispute. There is another sufficient reason for dismissing the writ, in the delay and acquiescence of the prosecutor and her husband. The return of the surveyors and freeholders is dated June 25th, 1883, and this writ is tested March 31st, 1886. Since the date of the return, Mr. Berryman, by agreement with the Mutual Life Insurance Company, has undertaken to make the ditch through their land, according to the map and profile furnished to him by the surveyor employed by the surveyors and freeholders ; and his wife and the company have paid part of the expenses thus incurred. The ditching under the return was begun in February, 1884, and was completed, excepting through the lands of the insurance company, where it was delayed by the act of Mr. Berryman. In the latter part of December, 1884, or the first of 1885, the ditch was dug from the road by the bridge through the Berryman property down to Voorhis' line. If these facts had appeared in the application for this writ the allowance would not have been made, because of the delay in prosecution ; for where delay has permitted the expenditure of money in the furtherance of enterprises of a *quasi* public nature, or when, under cover of a proceeding of a public nature, individuals have been induced by the delay to expend their own money or labor, the writ will be dis-

missed. There must be reasonable diligence shown in the prosecution where other interests are involved in the delay, and this principle has been applied to proceedings under the Drainage act. *Haines* v. *Campion*, 3 *Harr.* 49; *State, Britton, pros.*, v. *Blake*, 6 *Vroom* 208; *Bowne* v. *Logan*, 14 *Vroom* 421.

The writ will be dismissed, with costs.