Barson's and Overbrook, Inc., Appellant, *v.*
Arce Sales Corp., et al.

Argued December 4, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent.)

*Robert A. Detweiler,* for appellant.

*David A. Saltzburg,* with him *Bennett, Bricklin & Saltzburg,* for appellees.

OPINION BY HOFFMAN, J., April 3, 1974:

Appellant contends that the lower court erred in granting appellees' motion for judgment on the pleadings.

In May, 1966, appellant Barson's and Overbrook, Inc. t/a City Line Delicatessen and Restaurant (hereinafter Barsons) purchased smoked fish from appellees Arce Sales Corporation (Arce) and Acme Smoked Fish Co. (Acme). Barsons sold this fish to its patrons. Following these sales a number of Barsons' customers became ill with salmonella poisoning. Seven lawsuits were then instituted against Barsons by the salmonella sufferers. Barsons joined Arce and Acme as additional defendants in each of these actions alleging that Arce and Acme were alone liable to the seven plaintiffs or were jointly and severally liable with Barsons or were liable over to Barsons.

The appellant has admitted that the plaintiffs in six of the aforementioned lawsuits negotiated a settlement with representatives of Barsons, Arce, and Acme. After these negotiations were completed each of the parties herein contributed funds to satisfy the settlement agreement. Counsel for the six plaintiffs and counsel for Barsons then signed and filed Order to Settle, Discontinue and End the actions. Barsons did not reserve any rights to proceed against Arce and Acme in these matters at a later date.

In the seventh proceeding, arbitrators entered an award against the parties herein jointly. The appellant and the appellees each contributed half of the award pursuant to a prior agreement between them. No appeal was ever taken from the arbitrators' award.

Subsequent to the entry of the orders to settle, discontinue and end and the award of the arbitrators, Barsons instituted suit against Arce and Acme for contribution or indemnification in the seven prior actions.

Parties to an action may compromise a pending legal claim by entering into a valid contract of settlement. Where such an agreement accompanies a discontinuance, the claim is forever barred and a new action cannot thereon be maintained. *Sale v. Amber,* 335 Pa. 165, 168-169, 6 A. 2d 519, 520 (1939). In essence the entry of an order to settle, discontinue, and end a proceeding has "the same effect as the entry of a judgment" in any legal proceeding. *Sustrik v. J. & L. Steel Corp.,* 413 Pa. 324, 326, 197 A. 2d 44 (1964). All parties who sign such an order to settle, discontinue and end forever renounce their claims arising out of said action. *Baumgartner v. Whinney,* 156 Pa. Superior Ct. 167, 39 A. 2d 738 (1944), as if the matter had been fully litigated. Thus, all seven actions by the salmonella sufferers are in an identical posture before this court.

The relative rights and obligations of the parties herein were at issue in the previous lawsuits. The final determination of these actions was conclusive with respect to all matters which were or could have been litigated therein. *Sustrik v. J. & L. Steel Corp.,* supra, 413 Pa. at 327. Barsons may not maintain this indemnity action and thereby relitigate the relative liabilities of the parties herein for this was settled by previous litigation.[1]

---

[1] If appellees have in fact breached their obligations under the contract of settlement, the appellant does not have a cause of action against the appellees: "*A compromise or settlement of litigation is always referrable to the action or proceeding in the court where the compromise is effected; it is through that court the carrying out of the agreement should thereafter be controlled.*" Otherwise the compromise, instead of being an aid to litigation, would be only productive of litigation as a separate and additional impetus." *Melnick v. Binenstock,* 318 Pa. 533, 536, 179 A. 77 (1935) (emphasis added) (this case was cited approvingly in *Cameron v. Great Atlantic and Pacific Tea Co., Inc.,* 439 Pa. 374, 379-380, 266 A. 2d 715 (1970).

Accordingly, the order of the lower court is hereby affirmed.

Thus, appellant can petition the lower court to set aside the order marking the case settled, discontinued and ended on the basis of either fraud, accident, or mistake (see, e.g., *Murdoch v. Murdoch*, 418 Pa. 219, 210 A. 2d 490 (1965).