Carl K. E. Miller, Appellant v. Commonwealth of Pennsylvania, Department of Highways, Appellee.

Argued April 10, 1980, before Judges WILKINSON, JR., MENCER and MACPHAIL, sitting as a panel of three.

*Carl K. E. Miller, Jr.,* Pro Se, appellant.

*Marie Inyang,* Special Assistant Attorney General, with her *Ward T. Williams,* Chief Counsel and *Edward G. Biester, Jr.,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, June 10, 1980:

Carl K. E. Miller, Esquire (Miller), acting *in propria persona,* on January 29, 1979, filed a petition in the Court of Common Pleas of Bucks County requesting that court to hold a hearing to determine the amount of attorney, appraisal, and engineering fees to which he was allegedly entitled by virtue of Section 609 of the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-609. This petition was denied on July 5, 1979 by the court below and an appeal to this court followed. We affirm.

On September 20, 1971, Miller filed a petition for the appointment of viewers, alleging a de facto condemnation of a recorded easement which he owned over property acquired by the Commonwealth of Pennsylvania under a 1965 declaration of taking of

property owned by Sellersville Borough. A hearing was held before a jury of view, and Miller was awarded damages in the amount of $2,000. Miller appealed that award to the Court of Common Pleas of Bucks County and, following a jury trial, a verdict was rendered for $7,400 in favor of Miller.

On August 12, 1974, Miller was paid the amount of the verdict and detention damages for a total payment of $10,378.25. Miller's then counsel of record, Thomas F. J. MacAniff, Esquire, on August 12, 1974, filed a praecipe with the Prothonotary of the court below, directing that the case be marked "settled, discontinued and ended," upon payment of costs. Costs were paid and the case was so marked.

We conclude, as did the court below, that the praecipe to settle, discontinue, and end the case constituted a final resolution of all issues in the case which could have been litigated at the time of filing the praecipe. In *Sustrik v. Jones & Laughlin Steel Corp.*, 413 Pa. 324, 326-27, 197 A.2d 44, 46 (1964), it was held:

> As between the parties involved, the settlement and discontinuance had the same effect as the entry of a judgment for the defendant in the proceedings. As between the parties to the action, it is conclusive as to the cause of action asserted therein. . . .
>
> . . . .
>
> . . . That action was conclusive, not only as to those matters that actually were litigated, *but also of those matters which could have been litigated therein.* (Citations omitted.) (Emphsis added.)

The issue of reimbursement, under Section 609 of the Code, was capable of being litigated at the time

of the jury trial. *Gehris v. Department of Transportation,* 471 Pa. 210, 369 A.2d 1271 (1977). Miller's pretrial memorandum submitted to the trial judge stated as follows: "The condemnee is also claiming damages pursuant to Section 609 of the Eminent Domain Code for a reasonable appraisal fee of $350.00, attorney fee of $2,000.00 and engineering fee of $464.00, in addition to the taking and detention damages."

Therefore, a full and final resolution of Miller's cause of action resulted when, after the jury's verdict, the case was marked settled, discontinued, and ended.

Miller contends that his counsel was not authorized to file the praecipe directing that the case be marked settled, discontinued, and ended. However, in *Scott Township Tax Assessment Case,* 31 Pa. Commonwealth Ct. 505, 377 A.2d 826 (1977), we held that, where a litigant does not attempt to repudiate immediately the authority of his counsel to enter into a settlement but rather accepts benefits flowing from the settlement, he ratifies the act of his attorney and will not later be heard to complain that the attorney acted without authority. *Yarnall v. Yorkshire Worsted Mills,* 370 Pa. 93, 87 A.2d 192 (1952). Here, Miller received $10,378.25 on August 24, 1974, and not until January 25, 1979, when he filed the petition in question, did he assert that the praecipe to mark the case settled was not authorized. We are satisfied that the court below was correct in refusing in 1979 to allow Miller permission to set aside the discontinuance of the case started in 1971 and marked ended in 1974.

Lastly, we cannot accept Miller's contention that, since the Code does not provide for marking cases

"settled, discontinued and ended," such an action was a nullity. Again, we agree with the court below that, since the Code provides for agreements as to damages in Section 501, 26 P.S. §1-501, there is no cogent reason to believe that the law with regard to settling cases should be any less applicable in an eminent domain case than in other actions.

Order affirmed.

### ORDER

AND Now, this 10th day of June, 1980, the order of the Court of Common Pleas of Bucks County, dated July 5, 1979, denying the petition for attorney, appraisal and engineering fees filed on behalf of Carl K. E. Miller, is hereby affirmed.