425 A.2d 426

**J. Harold YEAGER and Dorothy S. Yeager, his wife,**

**v.**

**Albert LONG.**

**Appeal of: Albert LONG and Betty Jo Long.**

Superior Court of Pennsylvania.

Argued April 11, 1979.

Filed Nov. 7, 1980.

Reargument Denied Feb. 9, 1981.

Ewing B. Pollock, Waynesburg, for appellants.

Kenneth O. Tompkins, II, Waynesburg, for appellee.

Before SPAETH, WATKINS and VAN der VOORT, JJ.

SPAETH, Judge:

This is an appeal from an order fixing the boundary lines of property in Wayne Township. We have concluded that we should not address the merits but instead should quash the appeal.

On June 21, 1976, appellees filed a complaint in ejectment seeking the eviction of appellants from the northern section of a one acre tract to which appellees claimed a fee simple title. Appellants filed an answer, denying allegations of wrongful use of the tract, and asserting their rights to the

western end of the southern section of the tract; appellants also filed a cross-complaint seeking the eviction of appellees from the southern section. After a hearing on September 27, 1977, the lower court on July 7, 1978, entered an order fixing the boundary lines of the property, an ordering appellants to remove their house trailer from the property. On July 28, appellants filed exceptions to the lower court's order. On August 1, appellees filed a motion to dismiss these exceptions, alleging:

NOW plaintiffs' counsel, Kenneth O. Tompkins, II, moves that the defendant's exceptions to the opinion and order dated July 7, 1978 be dismissed as untimely, the said exceptions being filed twenty-one (21) days after the said order of the court in violation of Pa.R.C.P. 1038(d) in assumpsit (made applicable to actions in ejectment by Rule 1058) stating that exceptions to the ruling of the trial court in a non-jury matter must be filed within ten (10) days of the notice of the filing of the decision, defendant's exceptions having been filed on July 28, 1978.

Before the lower court addressed this motion, appellant on August 4 filed a Notice of Appeal with this court. In response, the lower court on August 14 issued the following order:

AND NOW, this 14th day of August, 1978, this being the date set for a hearing on the motion to strike the petition for a rehearing and exceptions filed on behalf of the defendant, and it appearing to the Court that the defendant has now taken an appeal in this case to the Superior Court, and that the motion to strike is now a moot question, and the Court grants the motion of counsel for the defendant, orders the motion to strike sustained, and this to clear the way for the perfection of the appeal.

■ The lower court had no power to grant appellees' motion to strike appellants' exceptions after the Notice of Appeal was filed. Rule 1701 of the Pennsylvania Rules of Appellate Procedure provides:

### Rule 1701.  Effect of Appeal Generally

**(a) General rule.**  Except as otherwise prescribed by these rules, after an appeal is taken or a petition for allowance of appeal is filed in a matter or review of a quasi-judicial order is sought, the lower court or other government unit may no longer proceed further in the matter.

**(b) Authority of lower court or agency after appeal.** After an appeal is taken or a petition for allowance of appeal is filed in a matter or review of a quasi-judicial order is sought, the lower court or other government unit may:

(1) Take such action as may be necessary to preserve the status quo, correct formal errors in papers relating to the matter, cause the record to be transcribed, approved, filed and transmitted, grant leave to appeal in forma pauperis, grant supersedeas, and take other action permitted or required by these rules or otherwise ancillary to the appeal or petition for review proceeding.

(2) Enforce any order entered in the matter, unless the effect of the order has been superseded as prescribed in this chapter.

(3) Grant reconsideration of the order which is the subject of the appeal or petition, if:

(i) an application for reconsideration of the order is filed in the lower court or other government unit within the time provided or prescribed by law; and

(ii) an order expressly granting reconsideration of such prior order is filed in the lower court or other government unit within the time prescribed by these rules for the filing of a notice of appeal, petition for allowance of appeal or petition for review of a quasi-judicial order with respect to such prior order, or within any shorter time provided or prescribed by law for the granting of reconsideration.

A timely order granting reconsideration under this paragraph shall render inoperative any such notice of appeal or petition for allowance of appeal or petition for review of a quasi-judicial order theretofore or thereaft-

er filed or docketed with respect to the prior order, and the clerk of any court in which such an inoperative notice or petition is filed or docketed shall upon praecipe of any party note on the docket that such notice or petition has been stricken under this rule. Where a timely order of reconsideration is entered under this paragraph, the time for filing a notice of appeal or petition for allowance of appeal or petition for review begins to run anew after the entry of the decision on reconsideration, whether or not that decision amounts to a reaffirmation of the prior determination of the lower court or other government unit.

(4) Authorize the taking of depositions or the preservation of testimony where required in the interest of justice.

(5) Take any action directed or authorized on application by the appellate court.

Pa.R.A.P. 1701.

The lower court's order granting appellees' motion to strike the exceptions "to clear the way for the perfection of the appeal" was not among the limited actions thus authorized. The order was therefore a nullity, which is to say that the motion to strike the exceptions has not been granted. It therefore remains on the docket, undecided, as do appellants' exceptions.

█ Restoring appellants' exceptions to the docket does not, however, help appellants on this appeal. Rule 1038(d) of the Pennsylvania Rules of Civil Procedure provides:

Within ten (10) days after notice of the filing of a decision, exceptions may be filed by any party to the decision or any part thereof, to rulings on objections to evidence or to any other matters occurring during the trial. Each exception shall set forth a separate objection precisely and without discussion. Matters not covered by exceptions are deemed waived unless, prior to final judgment, leave is granted to file exceptions raising these matters. No motion for a new trial, for judgment non obstante veredicto, in arrest of judgment or to remove a nonsuit may be filed.

Pa.R.C.P. 1038(d).

Rule 1058 provides:

> The trial of actions in ejectment by a judge sitting without a jury shall be in accordance with Assumpsit Rule 1038.

Pa.R.C.P. 1058.

Since appellant did not comply with Rule 1038(d) in that they filed exceptions twenty-one days after the lower court's order instead of within ten days, the appeal will be quashed. *See Matczak v. Matczak,* 275 Pa.Super. 164, 418 A.2d 663 (1980); *Blake v. Mayo Nurs. & Convales. Home,* 245 Pa.Super. 274, 369 A.2d 400 (1976).

So ordered.