In Re: Condemnation by the City of Philadelphia of the Leasehold Interest of Airportels, Inc.

Airportels, Inc., Appellant.

Argued March 2, 1981, before Judges MENCER, ROGERS and PALLADINO, sitting as a panel of three.

*John R. Padova,* with him *Richard D. Solo, Solo, Padova & Lisi,* for appellant.

*T. Michael Mather,* Chairman, Litigation Department, with him *Alan J. Davis,* City Solicitor, and *Judith N. Dean,* Deputy City Solicitor, for appellee.

OPINION BY JUDGE MENCER, April 30, 1981:

In *City of Philadelphia Appeal,* 40 Pa. Commonwealth Ct. 409, 398 A.2d 224 (1979), we affirmed a judgment for estimated just compensation of $4,400,-000, entered under Section 407(b) of the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-407(b), against the City of Philadelphia and in favor of Airportels, Inc. (Airportels). This judgment followed the de facto taking, by the City of Philadelphia, of the leasehold interest of Airportels in a motel at the Philadelphia International Airport.

Thereafter, Airportels filed a petition for counsel fees, appraisal fees, and costs under Section 609 of the Code, added by Section 7 of the Act of December 29, 1971, P.L. 639, 26 P.S. §1-609, which reads as follows: "Where proceedings are instituted by a condemnee under section 502(e) [26 P.S. §1-502(e)], a judgment awarding compensation to the condemnee for the taking of property shall include reimbursement of reasonable appraisal, attorney and engineering fees and other costs and expenses actually incurred."

After hearings held on October 9, 10, and 16, 1979, the Court of Common Pleas of Philadelphia County rendered an award to Airportels in the sum of $25,000. Airportels filed an appeal to this Court from that award and we reverse.

One of the questions raised here by Airportels is whether an award under Section 609 of the Code is timely when made following a judgment for estimated just compensation under Section 407(b) of the Code.

We conclude that it is not and that Airportels' petition for counsel fees, appraisal fees, and costs was premature and should have been dismissed without prejudice.

Since Airportels, as a condemnee, instituted proceedings for a de facto taking of its leasehold interest in a motel under Section 502(e), it would be entitled to have any judgment awarding compensation to it for the taking of its property include reimbursement of reasonable appraisal, attorney, and engineering fees and other costs and expenses actually incurred by virtue of the provision of Section 609 of the Code.

The compensation for the taking of property referred to in Section 609 is the just compensation to which the condemnee is entitled for the taking of his property by virtue of Section 601, 26 P.S. §1-601, and determined as set forth in Article VI of the Code.

Accordingly, following the appointment of viewers pursuant to the provisions of Section 504, 26 P.S. §1-504, the view of the premises, and the holding of hearings, the viewers shall file a report in compliance with the provisions of Section 511, 26 P.S. §1-511. The viewers' report shall include a schedule of damages awarded and benefits assessed which shall separately state "general damages, moving and removal expenses, business dislocation damages and other items of special damages authorized by this act." Section 511(5). We have no doubt that "items of special damages authorized by this act" include those enumerated items subject to reimbursement to the condemnee by virtue of the Section 609 authorization. The viewers' report is, of course, subject to appeal and review, but, if no appeal is taken, any award of damages shall become "final as of course and shall constitute a final judgment." Section 515, 26 P.S. §1-515.

If an appeal is taken from the viewers' decision, it may result in a jury trial, if any party so demands,

or the court shall try the case without a jury. Section 516, 26 P.S. §1-516. Once a jury or the court shall render a verdict determining the amount of damages, the court shall determine what portion of that verdict shall be allocated to reasonable appraisal, attorney and engineering fees recoverable under Section 609. Section 518(b), 26 P.S. §1-518(b). It is quite likely that Section 609, added in 1971, was enacted in re-·sponse to the holding in *Kling Appeal,* 433 Pa.· 118, 249 A.2d 552 (1969), that expert witness fees, engineering fees, and counsel fees were not "such other costs" within the meaning of Section 519 of the Code, *formerly* 26 P.S. §1-519, repealed by Section 2(a) of the Act of April 28, 1978, P.L. 202, 42 P.S. §20002(a) [1376], effective June 27, 1979.

Thus, from an examination of the Code, it becomes evident that reasonable appraisal, attorney and engineering fees and other costs and expenses actually incurred, as authorized by Section 609, are to be separately stated as a portion of any unappealed award of the board of viewers or are to be determined by the court as a portion of a verdict rendered by a jury or, if nonjury, by the court, who shall, in either event, make the determination as to such fees and costs.[1]

Accordingly, Airportels was unable, after a determination of the amount of estimated just compensation under Section 407(b), to have its reasonable counsel fees, appraisal fees, and costs determined *prior* to a board of viewers' report and award, and, if any party aggrieved by the decision of the viewers ap-

---

[1] In *Miller v. Department of Highways,* 52 Pa. Commonwealth Ct. 127, 415 A.2d 709 (1980), we stated that the question of reimbursement for Section 609 items of damage was capable of being litigated at the time of the jury trial and that a full resolution of these items of damage would result when a verdict was rendered. *See Gehris v. Department of Transportation,* 471 Pa. 210, 369 A.2d 1271 (1977).

pealed therefrom, the determination would be made by the court following the rendering of a verdict.[2]

Therefore, we make the following

## ORDER

AND NOW, this 30th day of April, 1981, the order of the Court of Common Pleas of Philadelphia County awarding Airportels, Inc., the sum of $25,000 as reimbursement of reasonable appraisal, attorney, and engineering fees and other costs and expenses actually incurred as contemplated by Section 609 of the Eminent Domain Code is hereby reversed, without prejudice to Airportels, Inc., to have such items of costs and expenses determined by the board of viewers or, after an appeal and following a verdict, either jury or nonjury, by the Court.

Judge WILKINSON, JR. did not participate in the decision in this case.

Judge WILLIAMS, JR. did not participate in the decision in this case.

---

[2] We recognize that the provisions of Section 520, 26 P.S. §1-520, may be utilized by the parties to waive proceedings before the viewers or terminate the viewers' proceedings. Section 520 reads:

(a) The condemnor and condemnee may, by written agreement filed with and approved by the court, waive proceedings before viewers and proceed directly, to the said court, on agreed issues of law or fact. The proceedings thereafter shall be the same as on appeal from a report of viewers.

(b) At any time after the filing of a petition for the appointment of viewers, the parties may by stipulation filed with the prothonotary terminate the viewers' proceedings as to all or part of the properties involved and stipulate that judgment may be entered for the amount of damages agreed on for each property interest covered by the stipulation. A copy of the stipulation shall be filed with the viewers.

The parties to this litigation have not filed such an agreement or stipulation.