454 A.2d 141

**David KAISER and Sylvia Kaiser, housewife, Appellants,**

**v.**

**191 PRESIDENTIAL CORPORATION and Zev's Garage and Sam Penny.**

**David KAISER and Sylvia Kaiser, housewife**

**v.**

**191 PRESIDENTIAL CORPORATION and Zev's Garage and Sam Penny.**

**Appeal of Sam PENNY.**

Superior Court of Pennsylvania.

Submitted May 11, 1981.

Decided Dec. 10, 1982.

302

Roger N. Huggins, Philadelphia, for Kaisers.

E. Dyson Herting, Philadelphia, for Penny.

J. Vincent Roche, Philadelphia, did not file a brief on behalf of 191 Presidential Corp., appellee.

Before CERCONE, President Judge, and MONTEMURO and VAN der VOORT, JJ.

MONTEMURO, Judge:

This is an appeal from an order of judgment entered by the Honorable Matthew W. Bullock, Jr., of the Court of Common Pleas of Philadelphia County, arising from a negligence action tried before a jury from June 6, 1980 through June 11, 1980.

The posture of the case below involved a cause of action filed by David and Sylvia Kaiser (h/w) against 191 Presidential Corporation [1] and Zev's Garage, Inc. (hereinafter Zev's) for personal injuries sustained by David Kaiser when he slipped and fell on an oil spot within the parking garage.

---

**1.** The action against 191 Presidential Corporation was later dismissed by agreement of the parties.

Zev's joined Sam Penny (hereinafter Penny) as an additional defendant alleging that oil leaking from Penny's car, onto the garage floor, caused Kaiser's injuries.

The case proceeded to trial. Before closing arguments were made to the jury, Zev's entered into a settlement agreement with the Kaisers in the amount of $7,500.00. Subsequently, the jury rendered a verdict allocating the percentage of fault by each party under the Comparative Negligence Law[2] and awarded $9,391.00 to David Kaiser and $1,000.00 to Sylvia Kaiser.[3] In its trial worksheet,[4] the court molded the verdict to properly allocate the percentages of liability and indicated that it would, at a later date, further mold the verdict to include delay damages. However, before the court had the opportunity to add on the delay damages, Penny also settled with the Kaisers in the amount of $8,712.50. On July 2, 1980, the Kaisers filed an order to mark the case as settled, discontinued and ended.

On September 23, 1980, the trial court entered this order, specifically providing that:

1. Judgment is entered on behalf of plaintiffs, David Kaiser and Sylvia Kaiser, against defendant, Zev's Garage, Inc., in the sum of Seventy-Five Hundred Dollars ($7,500.00), pursuant to the settlement entered into before the Court.

2. Judgment is entered on behalf of plaintiff, David Kaiser, against defendant, Sam Penny, in the sum of Seventy-Eight Hundred Seventy-Four Dollars and Thirty-One Cents ($7,874.31) (which figure includes Three Hundred, Sixty-One Dollars and Fifty-One Cents ($361.51)

2. 42 Pa.C.S.A. § 7102.

3. The jury's verdict apportioned the percentages of liability as follows:
 David Kaiser 10%
 Zev's Garage 10%
 Sam Penny 80%

4. The trial worksheet contained the following disposition:
 June 11, 1980: Jury verdict in favor of husband-plaintiff against Zev's Garage $939.10 and against Sam Penny $7,512.80 and in favor of wife-plaintiff against Zev's Garage $100.00 and against Sam Penny $800.00.

delay damages) and on behalf of plaintiff, Sylvia Kaiser, against defendant, Sam Penny, in the sum of Eight Hundred Thirty-Eight Dollars and Forty-Nine Cents ($838.49) (which figure includes Thirty-Eight Dollars and Forty-Nine Cents ($38.49) delay damages).

3. Judgment, by way of contribution is entered on behalf of defendant, Zev's Garage, Inc., against defendant, Sam Penny, in the sum of Sixty-Four Hundred Sixty Dollars and Ninety Cents ($6,460.90).

4. Judgment is entered on behalf of defendant, Sam Penny, against plaintiffs in the sum of Sixty-Four Hundred Sixty Dollars and Ninety Cents ($6,460.90).

The usual post-trial motions, including exceptions to this order, may be filed within twenty (20) days hereof.

The rationale for the entry of this order was explained by the trial court as follows:

In argument before the Court, the plaintiffs made their position clear: they wished to retain the $8,712.80 paid by Penny and then to sue and recover $7,500 from Zev.[5] By so doing, they would ultimately recover $16,212.80 rather than the $10,391.00 awarded by the jury. For this reason, the plaintiffs were willing to mark the present case settled, discontinued and ended. They contend that the Court should respect their termination of the case. The Court, however, has not concurred with the plaintiffs' position basically because we believe it is our responsibility, in the cause of judicial economy, to resolve all the issues presented by this court and not permit the case to spawn additional litigation. The plaintiffs have already expressed their desire to sue Zev on the $7,500 settlement. In our view, they should be successful in such a suit. In such a case, we believe Zev would have a right to sue Penny for contribution. If Penny had to make contribution to Zev, then Penny arguably would have a right to

5. While Zev's might have protested paying the amount due pursuant to that settlement agreement, they did not at any time petition the trial court to reconsider their liability under the agreement or file a claim for contribution.

such reimbursement from the plaintiffs for money mistakenly paid.

The Kaisers and Penny have cross-appealed to this court from paragraphs three (3) and four (4) in the above order, respectively. Zev's did not join this appeal.

Appellants contend that the order of judgment is a nullity in that the trial court could not, *sua sponte*, ignore settlement agreements entered into by the parties and rearrange amounts recoverable thereunder, to conform in effect, to the jury's verdict. The court accomplished this task, on its own motion, by exercising certain parties' rights to contribution and by correcting what it believed to be a mutual mistake of law concerning payments made under the settlement agreements. Appellants contend that the trial court was without subject matter jurisdiction to enter the order. For the reasons set forth below, we agree with the appellants and vacate the order of judgment.

Initially, we must discuss the appealability of the order entered by the trial court. The following facts will serve to illustrate that this appeal has given us the opportunity to observe a procedural quagmire.

■ The trial court entered its order on September 23, 1980 and provided for the filing of exceptions within twenty (20) days. Twenty-two (22) days later, on October 15, 1980, Penny filed exceptions. Neither Zev's nor the Kaisers did so. Before the trial court ruled on Penny's exceptions, both Penny and the Kaisers, on October 20, 1980 filed this cross-appeal. On November 28, 1980, the court entered an order denying Penny's exceptions. This order, entered subsequent to the filing of this appeal, is a nullity. Pa.R.A.P. 1701(a); *Yeager v. Long,* 284 Pa.Super. 76, 425 A.2d 426 (1980). The question then is whether or not the order of September 23, 1980 is properly before us at this time.

It has been held that:

Parties to an action may compromise a pending legal claim by entering into a valid contract of settlement. Where such an agreement accompanies a discontinuance,

the claim is forever barred and a new action cannot thereon be maintained. *Sale v. Amber et al.*, 335 Pa. 165, 168–169, 6 A. 519 (1939). *In essence the entry of an order to settle, discontinue, and end a proceeding has "the same effect as the entry of a judgment" in any legal proceeding. Sustrik v. J. & L. Steel Corp.*, 413 Pa. 324, 326–327, 197 A.2d 44 (1964). All parties who sign such an order to settle, discontinue and end forever renounce their claims arising out of said action. *Baumgartner v. Whinney*, 156 Pa.Super. 167, 39 A.2d 738 (1944), *as if the matter had been fully litigated.* (Emphasis added)

*Barson's and Overbrook, Inc., v. Arce Sales Corp.*, 227 Pa.Super. 309, 312, 324 A.2d 467, 468 (1974).

 It is well settled that an appeal will lie only from a final order, decree, or judgment unless otherwise permitted by statute. *State Farm Mutual Auto Insurance Co., v. Morris*, 289 Pa.Super. 137, 432 A.2d 1089 (1981). *Gasper v. Gasper*, 288 Pa.Super. 478, 432 A.2d 613 (1981). The order in the instant case specifically provided for the filing of exceptions. This appeal, however, was taken before the exceptions were decided by the trial court. On its face, therefore, the order is interlocutory. In spite of this procedural defect, we believe that Pa.R.A.P. 311(a)(1) provides the requisite jurisdiction.

Pa.R.A.P. 311(a) General Rule. Except as otherwise prescribed by general rule, an appeal may be taken as a right from:

(1) Affecting judgments. In orders opening, vacating or striking off a judgment, or refusing to open, vacate or strike off a judgment.

Marking a case settled, discontinued and ended has "the same effect as the entry of judgment". *Barson's and Overbrook, Inc., v. Arce Sales Corp., supra.* We find that the subsequent order entered by the trial court on September 23, 1980 vacated, in part, the "judgment" as agreed to by the parties and thus, under Pa.R.A.P. 311(a)(1), the present appeal is properly before us.

We now reach the merits. The trial court's basis for determining rights of contribution among the parties in this case rested upon the interpretation of the Uniform Contribution Among Tort-feasors Act[6] (UCATA) as set forth in *Dougherty v. Hershberger*, 386 Pa. 367, 126 A.2d 730 (1956) and, *Mong v. Hershberger*, 200 Pa.Super. 68, 186 A.2d 427 (1963). The holding in *Dougherty v. Hershberger, supra*, states that where one joint tortfeasor has voluntarily settled with the plaintiff, and the verdict rendered in the case exceeds the settlement figure, but by less than twice the amount of that figure, then the remaining tortfeasor(s) are liable only for the difference. However in *Mong v. Hershberger, supra*, this court held that the tortfeasor who originally settled with the plaintiff could seek contribution from the other tortfeasor(s) for amounts paid by him in excess of his proportionate liability.

■ The issue here, however, is not whether the court properly applied the rationale of the above cases to this lawsuit but whether the court had the power to assert the parties' rights to contribution when there had been no motion filed or claim made by any party to effectuate that right. Clearly, the trial court exceeded its scope of authority.

Although the trial court was guided by the salutary proposition of avoiding additional litigation which could have spawned from the issues involved in this case, the court had neither the power nor the duty to resolve what it thought would be the subject of future lawsuits. It has been held that where a party fails to object or reserve any rights of contribution and/or indemnity upon the filing of an order to mark the case settled, discontinued and ended, that party cannot, at a later date, institute a suit to recover contribution. *Barson's and Overbrook, Inc. v. Arce Sales Corp., supra.* There is even more reason to apply the rule here where not only were no objections, reservations or claims filed in the trial court, but no party has, at any time, sought to institute proceedings to effectuate rights to con-

6. 42 Pa.C.S.A. § 8321 et seq.

tribution. The court did so upon its own motion. If a party is barred from asserting his right to contribution where no claim has been filed, there is certainly no basis for a court to act as if one had been.

 Further, it is fundamental that for a court to have authority to act it must have jurisdiction over the subject matter. *Leveto v. National Fuel Gas Dist. Corporation,* 243 Pa.Super. 510, 366 A.2d 270 (1976), *In re Patterson's Estate,* 341 Pa. 177, 19 A.2d 165 (1941). Jurisdiction is the power of a court to enter into an inquiry on a certain matter. *Lashe v. Northern York City School District,* 52 Pa.Cmwlth. 541, 417 A.2d 260 (1980); *Studio Theaters, Inc., v. City of Washington,* 418 Pa. 73, 209 A.2d 802 (1968). Although there is no doubt that the court would have had jurisdiction to act if claims for contribution were made, since no such claims were filed, there was nothing for the court to act upon.

 We hold, therefore, that where no objections, reservations or claims are filed to assert a right of contribution, it is not for the trial court to take upon itself the task of rearranging the plaintiff's recovery to conform to what the eventual recovery will be if all rights are, in fact, exercised. It is the responsibility of the parties in the case to exercise those rights.

Order of judgment is vacated.

VAN der VOORT, J., files a dissenting opinion.

VAN der VOORT, Judge, dissenting:

The facts are set forth in detail in Judge Montemuro's opinion for reversal. In brief, after the trial began, the Kaisers (the plaintiffs) agreed to settle with defendant Zev's Garage. The jury returned a verdict on June 11, 1980. On July 2, 1980, the Kaisers and defendant Penny, without the consent of the trial judge, filed an "order" requesting the Prothonotary to mark the case "settled, discontinued and ended." On September 23, 1980, the trial judge signed an "order of judgment" which specified: "The

usual post-trial motions, including exceptions to the order, may be filed within twenty (20) days hereof." Twenty-two days later, Penny filed exceptions.[1] Appeals were taken on October 20, 1980 by both the Kaisers[2] and Penny, after which the lower court denied Penny's exceptions.[3]

Judge Montemuro would find that the lower court lacked jurisdiction to enter the order of September 23, 1980, since no claims for contribution were made by any party. I would not reach this question. Pa.R.A.P. 302(a) provides: "Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." See *Commonwealth v. Piper*, 458 Pa. 307, 328 A.2d 845 (1974) and *Dilliplaine v. Lehigh Valley Trust Co.*, 457 Pa. 255, 322 A.2d 114 (1974). If any party was dissatisfied after the jury rendered its verdict, it could have filed post-trial motions within ten days. Pa.R.C.P. No. 227.1. If the parties wanted to settle the case notwithstanding the jury's verdict, they could have filed a motion for judgment n.o.v., indicat-

1. These exceptions were not included in the reproduced record.

2. One argument made by the Kaisers on appeal is that the settlement agreements precluded the lower court from entering its order of September 23, 1980. Pa.R.C.P. No. 230 provides that a voluntary non-suit shall be the exclusive method of voluntarily terminating an action, in whole or in part, by the plaintiff during the trial, and further provides that a non-suit cannot be obtained after the close of all the evidence. Rule 237 sets forth the procedure for obtaining judgment on the verdict by filing a praecipe with the Prothonotary (after notifying all parties). No rule provides a procedure for a party to terminate a case other than by having judgment entered, either on praecipe for judgment on the verdict, or by direction of the judge. In order to terminate the action after the jury's verdict, the parties should have obtained the consent of the trial judge.

Another argument made by the Kaisers, and accepted by Judge Montemuro, is that the lower court had no power, no "jurisdiction", to enter paragraph four of its order (in favor of defendant Penny), since Penny did not file a counter-claim in the case. Looking at the entire order, it seems clear that the overall effect of the order is simply to mold the verdict, however inappropriate the language of paragraph four may be standing alone. Certainly a trial judge has the power to mold a verdict.

3. I agree with Judge Montemuro's conclusion that this order of November 28, 1980, having been entered subsequent to the filing of the appeals, was a nullity. Pa.R.A.P. 1701.

ing the consent of whichever parties consented. After the lower court signed its order of September 23, 1980, the parties could have requested reconsideration of the order. Since the lower court indicated that it would entertain "exceptions" filed within twenty days, appellants should have applied to the lower court within that period of time. Pa.R.A.P. 1701(b) indicates the procedure to be followed. I would find that the failure of appellants to present their issues to the lower court in a timely manner now precludes them from raising their issues on appeal.

I would quash these appeals.