463 A.2d 1180

**Lowell P. METZGER**

v.

**Mary A. METZGER, Appellant.**

Superior Court of Pennsylvania.

Argued March 10, 1983.

Filed July 29, 1983.

Order Vacated and Appeal Reinstated Nov. 7, 1983.

Steven J. Schiffman, Harrisburg, for appellant.

James Richard Ronca, Harrisburg, for appellee.

Before WICKERSHAM, BECK and MONTEMURO, JJ.

PER CURIAM:

This is an appeal from a Divorce Order and Decree of the Dauphin County Court of Common Pleas. We have concluded that we should not address the merits but instead should quash the appeal.

The present action was commenced on July 18, 1979 by appellee Lowell P. Metzger. He filed a complaint seeking a divorce on the ground of indignities. On September 25, 1980, he filed an amended complaint pursuant to the Divorce Code of 1980, 23 Pa.C.S.A. § 101 *et seq.*, and requested equitable distribution of the marital property. On December 2, 1980, appellant, Mary A. Metzger, filed an answer

with new matter and counterclaim, seeking a divorce on the ground of indignities, and requesting alimony, alimony *pendente lite*, counsel fees, costs, and equitable distribution.

A hearing was held before a Special Master on June 30, 1981. The Master filed his report on October 28, 1981. The Master's report recommended that the parties be granted a divorce pursuant to Section 201(c) of the Divorce Code, and also contained recommendations with respect to attorney's fees, costs, division of marital property, and alimony *pendente lite*.

The docket indicates that timely exceptions to the Master's report were filed by appellant on November 9, 1981.

The trial court affirmed the report of the Master by order dated February 10, 1982.

On March 12, 1982, appellant filed a notice of appeal from the order of February 10, 1982, which affirmed the recommendations of the Master.

Subsequent to appellant's filing of the appeal, the trial court entered an order denying and dismissing appellant's exceptions on April 15, 1982.

■ It is well settled that an appeal will lie only from a final order unless otherwise permitted by statute. *Pugar v. Greco*, 483 Pa. 68, 394 A.2d 542 (1978); *T.C.R. Realty v. Cox*, 472 Pa. 331, 372 A.2d 721 (1977); *Gasper v. Gasper*, 288 Pa.Super. 478, 432 A.2d 613 (1981); See also Pa.R.A.P. 341(a).

Pa.R.C.P. 1920.55, which is among those governing Divorce or Annulment Actions, states in relevant part:

(a) Within ten days after notice of the filing of the master's report has been mailed, exceptions may be filed by any party to the report or any part thereof
. . .

(c) If exceptions are filed, the court shall hear argument on the exceptions and enter an appropriate final decree. No exceptions may be filed to the final decree.

■ We have already stated that timely exceptions to the Master's report were filed on November 9, 1980. The order

of February 10, 1982 merely affirms the recommendations of the Master; there is no mention of the exceptions. Following entry of the February 10, 1982 order, the exceptions remained to be disposed of. Consequently, we rule that the order of February 10, 1982 is interlocutory.

■ Although not essential to our disposition here, we note that appellant's filing of an appeal on March 12, 1982 divested the trial court of jurisdiction. Its order of April 15, 1982, denying and dismissing appellant's exceptions is therefore a nullity. *Yeager v. Long*, 284 Pa.Super. 76, 425 A.2d 426 (1980) Pa.R.A.P. 1701.

Appeal quashed.