513 A.2d 993

**In re ESTATE OF Melba F. WOOD Alleged Incompetent.**

**Appeal of William J. IRVIN.**

Superior Court of Pennsylvania.

Argued June 5, 1985.

Filed Aug. 5, 1986.

423

Carl N. Weiner, Lansdale, for appellant.

Before WICKERSHAM, BROSKY and TAMILIA, JJ.

WICKERSHAM, Judge:

William J. Irvin appeals from the order of the Court of Common Pleas of Montgomery County denying his petition for appointment of a guardian for the estate of Melba F. Wood.

Melba Wood is a widow in her mid-eighties who is institutionalized in a nursing home. On July 2, 1984, she revoked the power-of-attorney previously given to her niece by marriage, Bertha Irvin, the wife of appellant. She then entered into an intervivos trust agreement with the Union National Bank and Trust Company of Souderton, in which she agreed to turn over all her property to the Bank, and in return, the Bank would pay to her the income and as much of the principal as the Bank determined was necessary for her support for her remaining lifetime.

On July 24, 1984, appellant filed a petition under section 5511 of the Decedents, Estates and Fiduciaries Code, 20 Pa.C.S. § 101, *et seq.* to adjudge Mrs. Wood incompetent and to appoint Bertha Irvin as guardian for her estate. A hearing on the petition was held on September 28, 1984, at

which time the petition was denied for insufficient evidence to support a finding of incompetency. Exceptions were filed by appellant on October 9, 1984. On October 30, 1984, before the exceptions were ruled upon by the court below, appellant filed this appeal.

On appeal, appellant raises the following three issues:

1. Is the affidavit of the treating physician at the alleged incompetent's nursing home admissible into evidence?

2. Is testimony other than medical testimony relevant in determining legal incompetence?

3. Was there sufficient evidence to declare the appellee incompetent?

Brief for Appellant at 3.

We cannot reach the above issues, however, because we find appellant's appeal to be untimely. It is well-settled that an appeal properly lies only from a final order unless otherwise permitted by statute. *Cloverleaf Development, Inc. v. Horizon Financial F.A.,* 347 Pa.Super. 75, 500 A.2d 163 (1985); *Parker v. MacDonald,* 344 Pa.Super. 552, 496 A.2d 1244 (1985). The record and docket entries in the instant case, as relevant herein, reflect the following:

| 1984 | Sept. 28 | Order entered dismissing Petition for Appointment of guardian of the estate. |
| 1984 | Oct. 9 | Exceptions to adjudication entered. |
| 1984 | Oct. 10 | Transcript of Notes of Testimony filed. Hearing held Sept. 28, 1984. |
| 1984 | Oct. 30 | Notice of appeal filed. |
| 1984 | Nov. 8 | Order entered deferring argument until resolution of the appeal. |

It is apparent that this appeal is interlocutory. Before argument could be scheduled on the exceptions, appellant perfected an appeal to our court. As the lower court notes in its opinion of February 4, 1985, it "considered that the appeal had the effect of rendering this court 'no longer (able) to proceed further in the matter,' " citing Pa.R.A.P. 1701(a). Lower ct. op. at 1. The lower court goes on to recognize the interlocutory nature of this appeal, as should we. From the state of the record, the appeal should have

been stayed pending argument on the exceptions. *See* Pa.R.A.P. 1701(b)(6). However, it was not, and at this stage, we must quash and remand for argument on the outstanding exceptions.

The opportunity to resolve disputes under Pa.R.C.P. 227 and 227.1 is an essential aspect of the appellate process designed to effect the resolution of controversies, if possible, before they reach this court, and to clarify the issues on appeal. Since this appeal was taken before the exceptions were decided by the trial court, the order, on its face, is interlocutory. *Kaiser v. 191 Presidential Corp.*, 308 Pa.Super. 301, 454 A.2d 141 (1982). Where an appeal has been filed from an interlocutory and nonappealable order, we are required to quash that appeal, having no jurisdiction to entertain it. *Commonwealth ex rel. Nixon v. Nixon,* 312 Pa.Super. 313, 458 A.2d 976 (1983). *See also Board of School Directors v. Kassab,* 69 Pa.Commw. 65, 450 A.2d 282 (1982) (no appeal will lie from decision of trial judge sitting without jury unless exceptions to decision are filed and disposed of by court below); Pennsylvania Orphans' Court Rule 7.1; Montgomery County Orphans' Court Rule 7.1 B.

Appeal quashed. Case remanded to the lower court for proceedings not inconsistent with the opinion. Jurisdiction is relinquished.