J. A20007/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

GRANT H. WISE,                          :       IN THE SUPERIOR COURT OF
                                        :              PENNSYLVANIA
                     Appellant          :
                                        :
          v.                            :          No. 220 MDA 2019
                                        :
SUSAN J. WISE AKA SUSAN WEAVER    :


Appeal from the Order Entered January 9, 2019,
in the Court of Common Pleas of Lancaster County
Civil Division at No. CI-13-03038


BEFORE:  GANTMAN, P.J.E., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.


MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED FEBRUARY 25, 2020**

Grant H. Wise ("Husband") appeals from the January 9, 2019 order entered by the Court of Common Pleas of Lancaster County granting the petition for special relief filed by Susan J. Wise, a/k/a Susan Weaver ("Wife"), and entering judgment against Husband and in favor of Wife for past-due alimony and attorney's fees totaling $29,170.  After careful review, we affirm.

The procedural history of this case is as follows:  On April 4, 2013, Husband filed a complaint in divorce.  While their divorce was pending, both parties executed a postnuptial agreement on April 8, 2013.  Therein, Husband agreed to pay $2,500 per month in spousal support/alimony **pendente lite**/alimony for 60 months.  (Postnuptial agreement, 4/8/13 at 8.) The obligation would terminate only on Wife's death, remarriage, or

cohabitation. (*Id.*) Upon the consent of both parties, the trial court entered a divorce decree on August 2, 2013.[1]

From the entry of the divorce decree through October 5, 2018, Wife filed seven petitions for special relief in an effort to enforce the terms of the postnuptial agreement. Over the course of this litigation, the trial court found Husband to be in violation of the postnuptial agreement twice and in contempt of court four times. The trial court also entered four judgments in favor of Wife and against Husband totaling $75,228.75. The judgments were entered on May 24, 2016, August 25, 2016, April 10, 2017, and January 9, 2019.

To enforce the August 25, 2016 judgment, Wife filed a praecipe for a writ of execution in which she sought to garnish the amount of the judgment from Husband's account at Fulton Bank. On December 1, 2016, the prothonotary entered judgment in favor of Wife and against Fulton Bank in the amount of $17,749.25, thereby satisfying Husband's alimony obligations through August of 2016. Following the satisfaction of the August 25, 2016

---

[1] The postnuptial agreement contained language indicating that,

> to the extent [the] Agreement is incorporated into any decree of divorce, it shall be for purposes of enforcement only of the provisions contained herein, and the parties do not intend to grant or confer upon the [trial c]ourt any right to alter or modify any of the dispositive provisions of this postnuptial settlement …

Postnuptial agreement, 4/8/13 at 1. Neither the divorce decree, the parties' affidavits of consent, nor the parties' waivers of intention to request entry of a divorce decree reference the incorporation of the postnuptial agreement into the decree.

judgment, Wife filed a praecipe to settle, satisfy, and discontinue a confession of judgment on January 6, 2017.

On April 10, 2017, the trial court entered an order in which it found Husband to be in contempt for failing to make alimony payments from September of 2016 through February of 2017. The trial court also entered judgment in favor of Wife and against Husband in the amount of $17,500, representing seven missed alimony payments from September of 2016 through March of 2017. (Order, 4/10/17 at 2.) On October 5, 2018, Wife filed a petition for special relief to enforce the April 10, 2017 judgment. Wife further alleged that Husband did not make any alimony payments from April of 2017 through February of 2018.[2] The trial court held a hearing on December 13, 2018. On January 9, 2019, the trial court entered a judgment against Husband in the amount of $29,170, which represented outstanding alimony payments from April of 2017 through February of 2018 and Wife's attorney's fees.[3] (Order, 1/9/19 at 2.)

Husband filed a timely notice of appeal on February 7, 2019. The trial court ordered Husband to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and Husband timely complied. The trial court subsequently filed an opinion pursuant to Pa.R.A.P. 1925(a).

---

[2] Wife remarried on February 24, 2018, thereby terminating alimony.

[3] The trial court specifically noted that the January 9, 2019 judgment had no impact on the April 10, 2017 judgment. (Order, 1/9/19 at 3.)

Husband raises the following issues for our review:

I. Whether the trial court erred by granting [Wife's] petition for special relief because on or about January 6, 2017 a "praecipe to settle, satisfy, discontinue" was filed on behalf of [Wife]?

II. Whether the trial court lacked jurisdiction to enter its order of January 9, 2019?

Husband's brief at 7 (extraneous capitalization omitted).

In his first issue, Husband contends that the praecipe Wife filed on January 6, 2017, to settle, satisfy, and discontinue following the satisfaction of the judgment entered on August 25, 2016, relieved him of any further duty to pay alimony pursuant to the terms of the parties' postnuptial agreement. (**See** Husband's brief at 16-19.) Wife argues that neither party signed any writing modifying the postnuptial agreement to absolve Husband of his obligation to pay alimony. (Wife's brief at 13.)

> We review a trial court's decision to grant special relief in divorce actions under an abuse of discretion standard as follows:
>
> > Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

> ***Lachat v. Hinchcliffe***, 769 A.2d 481, 487 (Pa.Super. 2001) (citation omitted). "An abuse of discretion exists when the trial court has rendered a decision or a judgment which is manifestly unreasonable, arbitrary, or capricious, has failed to apply the law, or was motivated by partiality, prejudice, bias or ill will." ***Pratt v. St. Christopher's Hosp.***, 824 A.2d 299, 302 (Pa.Super. 2003), ***aff'd***, [] 866 A.2d 313 ([Pa.] 2005).

***Prol v. Prol***, 935 A.2d 547, 551 (Pa.Super. 2007).

Essentially, Husband is alleging a modification of the parties' postnuptial agreement. Postnuptial agreements are contracts and are thus governed by contract law. ***Lugg v. Lugg***, 64 A.3d 1109, 1110 n.1 (Pa.Super. 2013), citing ***Laudig v. Laudig***, 624 A.2d 651, 653 (Pa.Super. 1993). Indeed, our supreme court has stated that "[a]bsent fraud, misrepresentation, or duress, spouses should be bound by the terms of their agreements." ***Stoner v. Stoner***, 819 A.2d 529, 532 (Pa. 2003), quoting ***Simeone v. Simeone***, 581 A.2d 162, 165 (Pa. 1990).

> The burden of proving modification of a contract is carried by the party asserting the modification. ***East Texas Motor Freight Diamond Div. v. Lloyd***, [] 484 A.2d 797, 800 ([Pa.Super.] 1984), *citing* ***In re Indus. Car. Mfg. Co.***, 1 B.R. 339 (Bkrtcy. E.D.Pa. 1979), ***Nicolella v. Palmer***, [] 248 A.2d 20 ([Pa.] 1968). A contract can be modified with the assent of both contracting parties if the modification is supported by consideration. ***Wilcox v. Regester***, [] 207 A.2d 817, 821 ([Pa.] 1965), *citing* ***Pellegrene v. Luther***, [] 169 A.2d 298, 299 ([Pa.] 1961), ***Stoner v. Sley System Garages***, [] 46 A.2d 172, 173 ([Pa.] 1946). Modification of a contract may be demonstrated by words, conduct, or both. ***Burge v. Western Pennsylvania Higher Educ. Council,***

*Inc.*, [] 570 A.2d 536, 538 ([Pa.Super.] 1990) (citations omitted).

*Trombetta v. Raymond James Fin. Serv., Inc.*, 907 A.2d 550, 558 (Pa.Super. 2006).

To support his argument, Husband relies upon *Barson's and Overbrook, Inc. v. Arce Sales Corp.*, 324 A.2d 467 (Pa.Super. 1974), and *Miller v. Commonwealth, Dept. of Highways*, 415 A.2d 709 (Pa.Cmwlth. 1980). In *Barson's*, this court held as follows:

> In essence, the entry of an order to settle, discontinue, and end a proceeding has "the same effect as the entry of a judgment" in any legal proceeding. **All parties who sign such an order to settle, discontinue and end forever renounce their claims arising out of said action[,] as if the matter had been fully litigated**.

*Barson's*, 324 A.2d at 468 (citations omitted; emphasis added). In *Miller*, the Commonwealth Court determined that a praecipe to settle, discontinue, and end a case "constituted a final resolution of all issues in the case which *could have been litigated at the time of filing the praecipe*." *Miller*, 415 A.2d at 710 (emphasis added).

Husband's reliance on these cases is misguided. Indeed, Husband can cite to no statute, case, or rule of court to support his theory that filing a praecipe to settle, satisfy, and discontinue following the satisfaction of a judgment of contempt for his failure to adhere to the terms of the postnuptial agreement extinguishes his obligations under the postnuptial agreement. Rather, the praecipe at issue pertains only to litigation relating to the

August 25, 2016 judgment entered against him by the trial court as part of a contempt proceeding.

Indeed, the record reflects that the praecipe references a confession of judgment. **Black's Law Dictionary** defines "confession of judgment," in relevant part, as "[a] person's agreeing to the entry of judgment upon the occurrence or non-occurrence of an event, such as making a payment." **Black's Law Dictionary** 317 (8th ed. 2004). Here, the record reflects that the confession of judgment involved a judgment entered against Husband's bank to garnish the amount of the August 25, 2016 judgment from Husband's account. (**See** judgment against garnishee, 12/1/16.) Therefore, the August 25, 2016 judgment is the action for which the parties renounced any further claims. **See Barson's**, 324 A.2d at 468. Further, at the time of the filing of the praecipe to settle, satisfy, and discontinue, the August 25, 2016 judgment against Husband was the only issue in this case that could have been litigated. **See Miller**, 415 A.2d at 710.

Moreover, we note that the docket did not close with the filing of the praecipe. Indeed, the record reflects that following the filing of the praecipe on January 6, 2017, Wife filed two more petitions for special relief seeking enforcement of the terms of the parties' postnuptial agreement, with the trial court's granting relief on both petitions.

We, therefore, find that the trial court did not abuse its discretion when it concluded that, "[a] praecipe to satisfy one judgment does not terminate

[Husband's] contractual obligation to pay [Wife] alimony pursuant to the terms of the [p]ostnuptial [a]greement. The [p]raecipe filed by [Wife] in January 2017 has no impact on [Husband's] continued contractual obligation." (Trial court opinion, 4/5/19 at 3.) Further, we find that Husband has not met his burden of establishing that, with the filing of the praecipe acknowledging the satisfaction of the August 25, 2016 judgment, the postnuptial agreement was modified with the assent of both parties. **See Trombetta**, 907 A.2d at 558 (holding that a contract may only be modified with the assent of **both** parties). Accordingly, Husband's first issue is without merit.

In his second issue, Husband contends that the trial court lacked jurisdiction to enter its January 9, 2019 order. Specifically, appellant argues that the January 6, 2017 praecipe filed by Wife divested the trial court of any jurisdiction over enforcement of the parties' postnuptial agreement. (Husband's brief at 22.) As is discussed in detail **supra**, the praecipe only terminated litigation relating to the August 25, 2016 judgment entered by the trial court because the judgment was satisfied by garnishment. Therefore, Husband's second issue is without merit.

J. A20007/19

Order affirmed.


Gantman, P.J.E. joins this Memorandum.

McLaughlin, J. concurs in the result.


Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: _2/25/2020_